# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONRAD E. MILLER, | ) |
| Plaintiff, | ) |
| v. | ) 02: 09-cv-0056 |
| JEFFREY AYRES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Presently before the court is the MOTION TO DISMISS, with brief in support, filed by Defendant Jeffrey Ayres, and the RESPONSE in opposition, filed by Plaintiff, Conrad E. Miller, *pro se*. For the reasons that follow, the Motion will be granted.

## Background

On January 16, 2009, Plaintiff, Conrad E. Miller, *pro se*, commenced this action by the filing of a motion for leave to proceed *in forma pauperis*. The *pro se* complaint appears to raise various constitutional claims under 42 U.S.C. § 1983 against Jeffrey Ayres, a probation officer with the Pennsylvania Board of Probation and Parole.

According to the Complaint, Plaintiff is on probation for offenses other than a sex offense. He claims that Defendant Ayres is violating his constitutional rights by issuing probation conditions and stipulations that apply to sex offenders, which are inconsistent with the probation conditions issued by the Court of Common Pleas of Butler County.

Plaintiff's sentence of probation relates to the following three criminal convictions in the Court of Common Pleas of Butler County:

• CP-10-CR-0002517-202 - retail theft; 6 to 12 months incarceration and 48 months state probation;

• CP-10-CR-0000058-2003 - DUI and possession of drug paraphernalia - 6 to 12 months incarceration; and 12 months state probation; and

• CP-10-CR-00010000-2003 - DUI - 6 to 12 months incarceration and 12 months state probation.

On January 14, 2009, two days before he filed this federal lawsuit, Plaintiff filed in the Butler County Court of Common Pleas a Motion for Clarification of Conditions regarding State Probation. This Motion was docketed in all three of the criminal cases listed above. In the Motion, Plaintiff claimed that Ayres has issued him probation conditions relating to sex offenders, even though he is not on probation for a sex offense. Further, he claims that Defendant Ayres was threatening Plaintiff with violation of his probation if he did not comply. Additionally, Plaintiff argued, as he does in the instant litigation, that Defendant Ayres is preventing him from communicating with his grandchildren and is violating his rights under the Eighth and Fourteenth Amendments.

On February 6, 2009, Judge Thomas J. Doerr of the Butler County Court of Common Pleas denied Plaintiff's Motion without a hearing. The Court also scheduled a Gagnon I hearing[1] for February 23, 2009, pursuant to the allegation of the Pennsylvania Board of Probation and Parole (the "Board") that Plaintiff had violated his probation. As reflected in the Board's Gagnon I Hearing Request, Plaintiff was issued a written instruction on October 6,

---

[1] In *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the United States Supreme Court held that due process requires that a probationer, like a parolee, be given a preliminary (Gagnon I ) and a final ( Gagnon II ) hearing prior to revoking probation.

2008 to obtain a sex offender evaluation from a certified treatment provider and to complete all treatment recommendations from the evaluation. He was also required to provide written authorization for release of confidential information from the treatment providers. When Defendant Ayres contacted the treatment provider on January 28, 2009, and asked about Plaintiff's status, the treatment provider refused to disclose any information because Plaintiff had rescinded his authorization for release of confidential information to the Board.

On February 23, 2009, Plaintiff appeared at the Gagnon I Hearing and admitted the violation. In order to further clarify the matter, on February 27, 2009, Defendant Ayres submitted a Special Field Report to Judge Doerr which explained the basis for the Board's decision to supervise Plaintiff in accordance with its Sex Offender Protocol. Defendant attached the written instructions for sex offenders that he had presented to Plaintiff on October 6, 2008, and asked that Judge Doerr acknowledge that these instructions were to be considered as special conditions of Miller's probation. The Court responded to the Report and concurred with the recommendation / request of Ayres.

Defendant Ayres has filed the instant motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant requests the Court to abstain from exercising jurisdiction over Plaintiff's claims under either *Rooker-Feldman* or *Younger* abstention principles.

**Discussion**

A.       General Principles of Abstention

The United States Court of Appeals has provided the following synopsis of the general principles of abstention:

> Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have

> the opportunity to decide the matters at issue. The doctrine is rooted in
> concerns for the maintenance of the federal system and represents an
> extraordinary and narrow exception to the virtually unflagging obligation
> of the federal courts to exercise the jurisdiction given them.
> Consequently, abstention is justified only in the exceptional circumstances
> where the order to the parties to repair to the State court would clearly
> serve an important countervailing interest. In other words abstention from
> the exercise of federal jurisdiction is appropriate only under certain limited
> circumstances. Those circumstances are loosely gathered under discrete
> concepts of abstention named after leading Supreme Court Cases, *viz.*,
> "*Pullman*" (*Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941));
> "*Burford*" (*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)); "*Younger*"
> (*Younger v. Harris*, 401 U.S. 37 (1971)); and "*Colorado River*" (*Colorado
> River Water Conservation District v. United States*, 424 U.S. 800, (1976)).

*Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (citations, quotation marks and brackets omitted). Defendant contends that *Rooker-Feldman* and/or *Younger* abstention require that the Court decline to exercise jurisdiction. The Court will consider the applicability of each doctrine.

B.  *Rooker-Feldman Abstention*

The *Rooker-Feldman* abstention doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *FOCUS v. Allegheny County Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-92 (2005) (explaining that in the *Rooker* and *Feldman* cases, plaintiffs in both cases, alleging federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment, but because § 1257, as long interpreted, vests authority to

4

review a state court's judgment solely in the Supreme Court, the district courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction).

"A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004) (commenting that almost any claim that is actually litigated will also meet the inextricably intertwined test) (*citing ITT Corp. v. Intelnet International Corp.,* 366 F.3d 205, 210 (3d Cir. 2004)). "A claim is inextricably intertwined with the state court adjudication when 'federal relief can only be predicated upon a conviction that the state court was wrong.' " *Marran,* 376 F.3d at 150 (*citing Parkview Assoc. v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000)). The *Rooker-Feldman* doctrine is to be interpreted narrowly and excludes only those matters that would require review of a state court judgment. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) (explaining that *Rooker-Feldman* is "a narrow doctrine," confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Here, there have been several state court rulings which essentially rejected the constitutional challenges that Plaintiff is raising to his probation conditions in this federal lawsuit. For example, Judge Doerr's Order of February 6, 2009 denied Plaintiff's motion for a clarification of conditions and on February 23, 2009, Judge Doerr acknowledged and concurred with the recommendation of Defendant Ayres that Plaintiff was to be supervised in accordance with the Board's Sex Offender Protocol. In order to grant Plaintiff the request he seeks in this

5

lawsuit, this Court would be required to determine that Judge Doerr's rulings were erroneous or take action that would render Judge Doerr's rulings ineffectual.

For these reasons, it appears that the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over plaintiff's claims.

C. *Younger Abstention*

Alternatively, Defendants request this Court to abstain from deciding this case under the *Younger* doctrine. In *Younger*, the United States Supreme Court held that federal courts should abstain from enjoining state criminal prosecutions absent extraordinary circumstances. The Supreme Court has since expanded the reach of *Younger* to noncriminal judicial proceedings in which important state interests are involved. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982). *Younger* abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings." *Id*. at 431.

Although *Younger* abstention is founded on notions of comity, "the [mere] pendency of an action in state court is no bar to proceedings concerning the same subject matter in the Federal Court having jurisdiction." *Colorado River,* 424 U.S. at 817. "The presence of two parallel suits . . . does not run afoul of *Younger*." *Schall v. Joyce*, 885 F.2d 101, 112 (3d Cir. 1989). This is true even in cases where there exists a "potential for conflict in the results of the adjudications." *Colorado River*, 424 U.S. at 816. A federal court, therefore, will only consider *Younger* abstention when the requested equitable relief would constitute federal interference in

state judicial or quasi-judicial proceedings. *Middlesex*, 457 U.S. at 431; *Frank Russell Co. v. Wellington Mgmt. Co., LLP*, 154 F.3d 97, 106 (3d Cir. 1998).

Abstention under *Younger* is appropriate only if (i) there are ongoing state proceedings which involve the would-be federal plaintiffs that are judicial in nature, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings afford an adequate opportunity to raise federal claims. *Schall,* 885 F.2d at 106 (*citing Middlesex County*, 457 U.S. at 432). However, such a showing does not require that the federal court abstain. *Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994). As a threshold condition to the above requirements, "*Younger* applies only when the relief the plaintiff seeks in federal court would interfere with the ongoing state judicial proceeding." *Grimm v. Borough of Norristown*, 226 F. Supp. 2d 606 (E.D. Pa. 2002). Where the "federal proceedings are parallel but do not interfere with the state proceedings, the principles of comity underlying *Younger* abstention are not implicated." *Gwynedd Properties*, *Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1201 (3d Cir. 1992); *see also Marks,* 19 F.3d at 882 ("a federal court will only consider *Younger* abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings.").

Applying the principles of *Younger* to the present case, the Court finds and rules that all three prongs of *Younger* are met. First, Plaintiff is subject to a criminal sentence of probation ordered by the Court of Common Pleas of Butler County. While the ongoing criminal prosecution process may be completed, the criminal proceeding remains ongoing as the Plaintiff's criminal sentences included a term of probation. *See Anthony v. Council*, 316

F.3d 412, 418-19 (3d Cir. 2003) (existing child support order satisfied the requirement imposed by the first prong of *Younger* for the existence of "ongoing" state proceeding.)

Next, there is no question that the issues in this lawsuit all implicate important, vital state interests - i.e., the supervision of Pennsylvania probationers, especially those with a history of sex offenses; the state sentencing court's decisions as to the terms of probation, the ability of the Board to conduct appropriate supervision of probationers, and the cooperation and interplay between the Board and the state criminal courts.

Lastly, there is no question that Plaintiff has the ability to raise his constitutional challenges before the state criminal court. Pennsylvania criminal courts are fully capable of addressing constitutional challenges in the course of probation revocation and other related criminal court hearings. In fact, Plaintiff sought to do so in his Motion for Clarification and chose not to file an appeal from the Court's ruling.

Accordingly, this Court finds and rules that adherence to the principles of comity and respect for important state governmental functions make *Younger* abstention particularly compelling in this case.

**Conclusion**

For the hereinabove stated reasons, the Motion to Dismiss filed by Defendant will be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONRAD E. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 02: 09-cv-0056 |
| JEFFREY AYRES, | ) ) ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 4th day of May, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Defendant Jeffrey Ayres is **GRANTED**. The request of abstention by Defendant under the *Rooker-Feldman* and/or *Younger* doctrines is **GRANTED.**

The MOTION TO APPEAL ADR DECISION AND GRANT EXEMPTION filed by Plaintiff is **DENIED AS MOOT.**

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Conrad E. Miller
432 Madison Street
East McKeesport, PA 15035
(via U.S. Regular Mail, postage prepaid and
Certified Mail, Return Receipt Requested)

Mary Lynch Friedline
Office of Attorney General
Email: mfriedline@attorneygeneral.gov